IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ANA GABRIELA HERAS,<br><br>    Defendant. | 4:14-CR-3081<br><br>TENTATIVE FINDINGS |

  The Court has received the presentence investigation report in this case. The government (filing 80) and defendant (filing 76) have both objected to the presentence report.

  IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a)  give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b)  resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

   (c)  impose upon the United States the burden of proof on all Guidelines enhancements;

   (d)  impose upon the defendant the burden of proof on all Guidelines mitigators;

   (e)  depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    The government (filing 80) and defendant (filing 76) have both objected to the presentence report: specifically, to the lack of a downward adjustment for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. The presentence report finds that an adjustment for acceptance of responsibility is unwarranted because of the defendant's post-plea criminal conduct, and also notes the two-level enhancement applied for obstruction of justice.

    One of the factors to be considered by the Court in determining whether a defendant qualifies for an acceptance-of-responsibility adjustment is the defendant's "voluntary termination or withdrawal from criminal conduct or associations; . . ." § 3E1.1 cmt. n.1(B). And the Eighth Circuit has held that unlawful conduct need not be directly related to the underlying offense to preclude an acceptance-of-responsibility reduction. *United States v. William*, 681 F.3d 936, 939 (8th Cir. 2012); *see*, *United States v. Brandt*, 419 F.3d 810, 812 (8th Cir. 2005); *United States v. Byrd*, 76 F.3d 194, 197 (8th Cir. 1996). The fact that a defendant engages in later, undesirable, behavior does not *necessarily* prove that she is not sorry for an earlier offense, but such conduct can shed light on the sincerity of a defendant's claims of remorse. *Byrd*, 76 F.3d at 197.

    In addition, as noted in the presentence report, conduct resulting in an enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, ordinarily indicates that the defendant has not accepted responsibility. § 3E1.1 cmt. n.4. Only in "extraordinary cases" will both an enhancement for obstruction of justice and an adjustment for acceptance of responsibility apply. *Id.* In deciding whether a case is "extraordinary," the Court considers factors including, but not limited to, whether the obstruction of justice was an isolated incident early in the investigation or an on-going effort to obstruct the prosecution, whether the defendant voluntarily terminated her obstructive conduct or whether the conduct was stopped by law enforcement, and whether the defendant admitted and recanted her obstructive conduct or denied obstruction of justice at sentencing. *See*, *United States v. Hutterer*, 706 F.3d 921, 925 (8th Cir.

2013); *United States v. Smith*, 665 F.3d 951, 957-58 (8th Cir. 2011); *United States v. Honken*, 184 F.3d 961, 969-70 (8th Cir. 1999).

The burden is on a defendant to show that she clearly demonstrated acceptance of responsibility. *Smith*, 665 F.3d at 957. Mindful of the principles set forth above, the Court will resolve these objections at sentencing.

3.  Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.  If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 26th day of June, 2015.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge